DISTRICT OF OREGON
**F I L E D**
March 23, 2011
**Clerk, U.S. Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>BARBARA CAROL OLSEN,<br><br>　　　　　　　　　Debtor.<br><br>CRAIG PALEN,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BARBARA CAROL OLSEN,<br><br>　　　　　　　　　Defendant. | Bankruptcy Case<br>No. 10-60190-fra7<br><br><br>Adversary Proceeding<br>No. 10-6111-fra<br><br><br><br><br>MEMORANDUM OPINION[1] |

Plaintiff filed his complaint on May 1, 2010, seeking a judgment that Defendant/Debtor be denied a discharge under 11 U.S.C. § 727. The prayer for relief requested denial of discharge, and Plaintiff's costs and disbursements: there was no request that the Plaintiff's claim against the Defendant be liquidated.

Before the matter could come to trial, the Debtor filed a written waiver of discharge. Notwithstanding Plaintiff's objection, the Court entered its order approving the waiver on September 27, 2010 (Document 38 in the main case).

// // //

---

[1] This Memorandum is not intended for publication.

Page 1 - MEMORANDUM OPINION

The Court has determined that the Defendant's waiver of her discharge renders the Plaintiff's claim moot. At one point Plaintiff averred that he should be able to liquidate the claim in this proceeding. The Court declined, indicating that it would abstain.[2]

Seeing himself as a prevailing party, Plaintiff has filed a bill of costs in the sum of $1,875.70. Defendant objects.

Plaintiff is the prevailing party and is entitled to his reasonable costs. Bankruptcy Rule 7054(b); 28 USC § 1920. Defendant's election to waive her discharge came in the middle of a hotly contested matter, involving, as will be seen, extensive discovery. It would be disingenuous to suggest that the waiver of discharge is not related to the Plaintiff's action.

I have reviewed the parties' submissions, and find the Plaintiff's claims for filing fees, fees for service of subpoenas, and fees for a printed transcript to be reasonable.

The claim of $1,860.00 for fees for witnesses is problematic. Between August 16, 2010 and September 1, 2010, Plaintiff issued subpoenas to 29 third parties, accompanying each with a $40 witness fee. It appears from Plaintiff's submission that each of these requests sought the production of documents, and not the appearance at a deposition or judicial proceeding.

The issuance of subpoenas in bankruptcy proceedings is governed by Bankruptcy Rule 9016, which incorporates Rule 45 of the Federal Rules of Civil Procedure. Rule 45(b)(1) states:

> (1) **By whom; Tendering Fees; Serving a Copy of Certain Subpoenas.** Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, *if the subpoena requires that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law.* Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. *If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.* [Emphasis added.]

// // //

---

[2] In fact, it may be that resolution of the discharge issue deprives the Court of jurisdiction to liquidate the claim, apart from a contested claims proceeding.

Page 2 - MEMORANDUM OPINION

Since the subpoenas were intended to elicit the production of documentary evidence, tendering fees for attendance or mileage was not required.[3] See, Benek v. Kansas City Life Insurance Co., 2008 WL 312667 (W.D. Wa. 2008) (recognizing that under Rule 45(b)(1) witness fees are not required when there is no demand to appear).

The language quoted above also requires that "a notice" be served on each party prior to service of a subpoena commanding the production of documents. This notice is intended to allow a party the opportunity to object to the requested production and move to quash, or to serve a demand for additional documents. Wright & Miller, Federal Practice and Procedure: Civil 3d §§ 2454 & 2457. There is nothing in the record indicating that notice of the 29 subpoenas duces tecum were served on Defendant before the subpoenas themselves were served.

Plaintiff's costs are allowed in the sum of $715.70. An order to that effect will be included in the order dismissing this case.

The foregoing constitutes the Court's findings of fact and conclusions of law, which will not be separately stated.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

---

[3] The subpoenas themselves are not part of the Court's record. I presume, from the description of the subpoenas in Plaintiff's submission, that they are limited to requiring production of documents.

Page 3 - MEMORANDUM OPINION